UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LORI CHAPMAN,                              )
                                          )
                    *Plaintiff*            )
                                          )
            v.                             )     CASE NO. 1:22-CV-2278-RLM-MKK
                                          )
LINDA WOOD, et al.,                       )
                                          )
                    *Defendants*          )

<u>OPINION AND ORDER</u>

Lori Chapman sued her former employer and two coworkers for employment discrimination. She claims religious discrimination under Title VII of the Civil Rights Act of 1964, age discrimination under the Age Discrimination in Employment Act, disability discrimination under the Americans with Disabilities Act, and a violation of the Indiana Civil Rights Law. All defendants move to dismiss Ms. Chapman's Indiana Civil Rights Law claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Linda Wood and Chris Hamalak move to dismiss Ms. Chapman's remaining claims against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Ms. Chapman proceeds without a lawyer and didn't respond to the defendants' motion to dismiss. The defendants' motion to partially dismiss is before the court. [Doc. 18].

The court, for reasons explained below, grants Ms. Wood and Mr. Hamalak's Rule 12(b)(6) motion to dismiss. The court then construes the defendants' Rule 12(b)(1) motion as a Rule 12(b)(6) motion, converts the motion

to a Rule 56 motion for summary judgment, and grants time for Ms. Chapman to respond and the defendants time to reply.

*Background*

The court accepts these facts from Lori Chapman's complaint as true for today's motions. *See* AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011).

Lori Chapman started working for Siemens Healthineers as an administrative assistant in October 2017. On November 15, 2021, Chris Hamalak, Ms. Chapman's site director, escorted Ms. Chapman out of her office and told her that she was on involuntary, unpaid leave because she refused to get a COVID-19 vaccine. Ms. Chapman had refused a vaccine because of her religious beliefs and because of a cancer diagnosis. She had asked for various accommodations, and Siemens Healthineers refused each. Ms. Chapman shared documentation of her cancer diagnosis with Mr. Hamalak and with Linda Wood, a human resources partner, to show that she needed an accommodation. Siemens Healthineers fired Ms. Chapman on February 11, 2022. Some of Ms. Chapman's coworkers received the accommodations she asked for and some younger coworkers kept their jobs despite being unvaccinated.

Ms. Chapman filed a complaint with the Indiana Civil Rights Commission or the Equal Employment Opportunity Commission alleging discrimination because of age, religion, and disability. Ms. Chapman received a right-to-sue letter and then sued Siemens Healthcare, Siemens Healthcare Diagnostic Inc.

(doing business as Siemens Healthineers), Linda Wood, and Chris Hamalak. Her complaint alleges religious discrimination under Title VII of the Civil Rights Act of 1964, disability discrimination under the Americans with Disabilities Act of 1990, age discrimination under the Age Discrimination in Employment Act of 1967, and discrimination in violation of the Indiana Civil Rights Law. She seeks compensatory damages for lost wages and benefits, punitive damages, damages for emotional distress, and fees.

All defendants move to dismiss Ms. Chapman's Indiana Civil Rights law claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Mr. Hamalak and Ms. Wood move to dismiss the remaining claims against them for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

*Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) lets a defendant move to dismiss a claim for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, not the factual sufficiency. Alexander v. City of S. Bend, 256 F. Supp. 2d 865, 869 (N.D. Ind. 2003). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotations omitted). The court accepts all well pleaded allegations as true and draws reasonable inferences in the plaintiff's favor. Nischan v. Stratosphere Quality, LLC, 865 F.3d 922, 928 (7th Cir. 2017).

3

Federal Rule of Civil Procedure 12(b)(1) lets a defendant move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A reviewing court accepts all well-pleaded factual allegations as true and construes all inferences in the plaintiff's favor. Johnson v. Apna Ghar, Inc., 330 F.3d 999, 1001 (7th Cir. 2003). A court evaluating subject-matter jurisdiction can "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. (citation and quotations omitted).

When a plaintiff proceeds without a lawyer, like Ms. Chapman does, the court construes a complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se plaintiff must still present arguments and authorities to avoid forfeiting an argument. Mathis v. N.Y. Life Ins. Co., 133 F.3d 546, 548 (7th Cir. 1998).

*Discussion*

Ms. Wood and Mr. Hamalak's Rule 12(b)(6) Motion to Dismiss

Ms. Chapman names Ms. Wood and Mr. Hamalak as defendants for all claims. Ms. Wood and Mr. Hamalak move to dismiss Ms. Chapman's Title VII, ADEA, and ADA claims against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). They argue that the complaint doesn't state a claim upon relief that could be granted against them because they're individual employees and these federal employment laws impose liability on employers, not other individual employees.

Employers are often liable for their employees' discriminatory acts because federal employment laws like Title VII and the ADA treats employees as the employer's agents. <u>Williams v. Banning</u>, 72 F.3d 552, 553 (7th Cir. 1995). But Title VII and the ADA don't impose liability on individual employers for employment discrimination. <u>Id.</u> at 554–555. The same is true of the ADEA. <u>Horwitz v. Bd of Educ. of Avoca Sch. Dist. No. 37</u>, 260 F.3d 602, 610 n.2 (7th Cir. 2001). Nothing in the complaint suggests that Mr. Hamalak and Ms. Wood were Ms. Chapman's employers; the complaint alleges that they had a role in the Siemens defendants' decision to suspend and then fire Ms. Chapman. As individual employees of the Siemens defendants, they can't be liable under Title VII, the ADA, and the ADEA. Ms. Chapman filed no response so didn't explain why this rule wouldn't apply to her complaint and these defendants.

The complaint doesn't state a claim against Ms. Wood or Mr. Hamalak upon which relief could be granted, so the court grants the motion to dismiss Ms. Chapman's Title VII, ADA, and ADEA claims against Ms. Wood and Mr. Hamalak.

<u>Defendants' Motion to Dismiss Indiana Civil Rights Law Claim</u>

Ms. Chapman's complaint lists as a claim the Indiana Civil Rights Law, Ind. Code § 22-9. The Indiana Civil Rights Law expresses and enforces Indiana's public policy of equal employment opportunities regardless of characteristics like religion and disability. Ind. Code. §§ 22-9-1-2.

The Indiana Civil Rights Law is mainly enforced through an administrative process. M.C. Welding & Machining Co. v. Kotwa, 845 N.E.2d 188, 192 n.3 (Ind. Ct. App. 2006). An employee who believes she's suffered discrimination files a complaint with the Indiana Civil Rights Commission. Id. (citing Ind. Code § 22-9-1-6). If the Commission finds probable cause, an administrative law judge hears the case and issues proposed findings of facts and conclusions of law to the Commission. Id. The Commission determines whether an employer has engaged in unlawful discrimination and issues a final order requiring remedial action by the employer. Id.; Ind. Code §§ 22-9-1-6(j), -18. The parties to a complaint can bring the complaint to an Indiana trial court instead, but only if both parties consent in writing. M.C. Welding & Machining Co. v. Kotwa, 845 N.E.2d at 192 n.3; Ind. Code §§ 22-9-1-16, -17. Without both parties' written consent, an Indiana trial court lacks subject-matter jurisdiction over any Indiana Civil Rights Law claims. Fort Wayne Metro. Hum. Rels. Comm'n v. Marathon Gas Station (Nachhatar Stores, Inc.), 926 N.E.2d 1085, 1089–1090 (Ind. Ct. App. 2010).

The defendants move to dismiss Ms. Chapman's Indiana Civil Rights claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). They contend that the Indiana Civil Rights Commission didn't find probable cause and the parties didn't consent in writing to resolution by a trial court, so this court lacks jurisdiction to adjudicate any Indiana Civil Rights Law claims. They include the Commission's notice of transfer from the Commission to the EEOC as evidence

that the Commission never found probable cause and that the parties never consented to resolution by a trial court. [Doc. 19-1].

The Indiana Civil Rights Law's jurisdictional rules limit Ms. Chapman's claims but not in quite the way the defendants assert. While Indiana can limit the jurisdiction of Indiana courts, the Indiana General Assembly can't decide the subject-matter jurisdiction of federal courts. States "do not have the constitutional authority to limit a district court's jurisdiction; that power lies exclusively with Congress." Zahn v. N. Am. Power & Gas, LLC, 847 F.3d 875, 876–877 (7th Cir. 2017). Indiana's own jurisdictional limits don't affect federal subject-matter jurisdiction, so the defendants aren't entitled to dismissal for lack of subject-matter jurisdiction.

But that's not the end of the road. Even though states don't have the power to limit federal courts' subject-matter jurisdiction, states do "have the power to prevent the federal court from granting relief [for a state-law claim] by denying the substantive right of action asserted." Id. at 877 (citation and quotations omitted). Indiana's jurisdictional requirements limit the type of relief Ms. Chapman can receive — if an Indiana court wouldn't have subject-matter jurisdiction over Ms. Chapman's Indiana Civil Rights Law claim, then Ms. Chapman doesn't state a claim upon which relief could be granted. Tacket v. Gen. Motors Co., Delco Remy Div., 93 F.3d 332, 334 (7th Cir. 1996). The court "recasts" the defendants' jurisdictional challenge as a challenge to whether Ms. Chapman has stated a claim upon which relief can be granted. Zahn v. N. Am. Power & Gas, 847 F.3d at 877. The court therefore construes the motion to

dismiss for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), as a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

The defendants assert that Ms. Chapman isn't entitled to relief under the Indiana Civil Rights Law because the Commission didn't find probable cause and the parties didn't consent in writing to proceed in court. *See* Ind. Code §§ 22-9-1-16, -17. The defendants cite as evidence a notice of transfer from the Indiana Civil Rights Commission. [Doc. 19-1]. The Commission's notice explained that one of Ms. Chapman's complaints alleged age discrimination and the Commission lacked jurisdiction over age discrimination claims, so the Commission would transfer the complaint to the EEOC. The Commission elaborated that Ms. Chapman's other complaint was against the same employer, so the Commission would transfer both complaints to the EEOC to "ensure consistency and efficacy in investigation." Id. According to the defendants, this notice shows that the Commission never found probable cause and the parties never consented in writing to proceeding in trial court.

The court could look beyond the complaint to find facts relating to subject-matter jurisdiction if this were still a motion to dismiss for lack of subject-matter jurisdiction. Johnson v. Apna Ghar, Inc., 330 F.3d 999, 1001 (7th Cir. 2003). But this motion must be construed as a motion to dismiss for failure to state a claim upon which relief could be granted, so the court must take a narrower view; the court only looks at the pleadings. Fed. R. Civ. P. 12(d). The pleadings include the complaint, Fed. R. Civ. P. 7(a)(1), and copies of written instruments

that are exhibits to the complaint. Fed. R. Civ. P. 10(c). One important caveat is that the court can consider documents that a defendant attaches to a motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Those documents are considered part of the pleadings. Id.

If the court considers matters outside the pleadings, it must convert the motion to a Rule 56 motion for summary judgment, Tacket v. Gen. Motors. Co., 93 F.3d at 334, and must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Only if the court excludes the additional materials may it leave the Rule 12(b)(6) motion as a Rule 12(b)(6) motion. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).

The defendants contend that the transfer letter is part of the pleadings so can be considered on the motion to dismiss. Ms. Chapman's complaint included documents about her Indiana Civil Rights Commission complaints, so the defendants argue that the transfer letter is referenced in the complaint and central to Ms. Chapman's claims. [Doc. 19 at 4] (citing Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)). The court disagrees. The "narrow exception" for additional documents is "aimed at cases interpreting, for example, a contract," and is "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Levenstein v. Salafsky, 164 F.3d at 347. Of course, the defendants intended to proceed with a motion to dismiss for lack of subject-matter jurisdiction, so their

request to include an exhibit isn't an attempt to flout procedural rules. Still, their argument that the transfer notice is referenced in the complaint and is central to Ms. Chapman's claims is unpersuasive. The complaint alleges that Ms. Chapman received right-to-sue letters and cites the complaint numbers but doesn't refer to any transfer letter. Nor is the transfer letter central to her claims. Ms. Chapman brings claims about employment discrimination. Whether she followed procedural rules that establish state court jurisdiction aren't central to whether she experienced employment discrimination.

The court can't decide that Ms. Chapman fails to state a claim under Indiana law based only on the defendants' say-so, but neither can the court consider the defendants' exhibit without converting this to a motion for summary judgment. In the interest of judicial economy, the court will yet again convert this motion to dismiss, this time to a Rule 56 motion for summary judgment. If the defendants are right that the Indiana Civil Rights Commission didn't find probable cause and that the parties didn't consent in writing to proceed in a trial court, then the defendants are entitled to judgment on Ms. Chapman's Indiana Civil Rights Law claim. Both parties are entitled to "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The court will therefore direct Ms. Chapman to file a response with supporting evidence no later than July 12, 2023. The defendants shall file a reply, if any, no later than July 26, 2023. The parties are reminded that their response and reply are governed by Federal Rule of Civil Procedure 56 and Southern District of Indiana Local Rule 56-1. *See* Levenstein v. Salafsky, 164 F.3d at 347.

*Conclusion*

For these reasons, the court:

(1) GRANTS Linda Wood and Chris Hamalak's motion to dismiss Ms. Chapman's Title VII, ADA, and ADEA claims against them, and DISMISSES Ms. Chapman's Title VII, ADA, and ADEA claims as against Ms. Wood and Mr. Hamalak; and

(2) CONSTRUES the defendants' motion to dismiss for lack of jurisdiction as a motion to dismiss for failure to state a claim upon which relief could be granted, CONVERTS the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56, GRANTS Ms. Chapman until no later than July 12, 2023, to respond with supporting evidence on her Indiana Civil Rights Law claim, and GRANTS the defendants until July 26, 2023, to file a reply. The court CAUTIONS Ms. Chapman that failure to respond with supporting evidence will result in dismissal of her Indiana Civil Rights Law claim.

SO ORDERED.

ENTERED:   June 14, 2023

_____/s/ Robert L. Miller, Jr.
Judge, United States District Court

11

Distribution:

LORI CHAPMAN
123 PONSONBY COURT
INDIANAPOLIS, IN 46214

Michael Carl Mohler
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.mohler@ogletree.com

Theresa Renee Parish
Ogletree Deakins
theresa.parish@ogletree.com