UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LORI CHAPMAN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-CV-2278-RLM-MKK |
| | ) | |
| LINDA WOOD, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

OPINION AND ORDER

Lori Chapman sued her former employer and two coworkers, alleging various forms of employment discrimination. Linda Wood and Chris Hamalak moved to dismiss Ms. Chapman's Title VII, ADA, and ADEA claims against them for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court granted the motion in an earlier order. [Doc. 33]. All defendants moved to dismiss Ms. Chapman's Indiana Civil Rights Law claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court construed the Rule 12(b)(1) motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, then converted the motion to dismiss to a Rule 56 motion for summary judgment. The court gave the parties time to submit evidence and briefing on Ms. Chapman's Indiana Civil Rights Law claim and the motion is now ripe.

In the meantime, Ms. Chapman moved for leave to amend her complaint. [Doc. 34]. The defendants oppose her motion for leave to amend.

For reasons explained in this order, the court grants the defendants' motion for summary judgment on Ms. Chapman's Indiana Civil Rights Law claim and denies without prejudice her motion for leave to amend. No claims remain against Linda Wood and Chris Hamalak, so the court dismisses Ms. Wood and Mr. Hamalak as defendants.

*Background*

Ms. Chapman alleges that Siemens Healthcare, Siemens Healthcare Diagnostic Inc., Linda Wood, and Chris Hamalak discriminated against her in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Indiana Civil Rights Law.

In March, Linda Wood and Chris Hamalak moved to dismiss Mr. Chapman's claims against them for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and all defendants moved to dismiss Ms. Chapman's Indiana Civil Rights Law claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The court granted Ms. Wood and Mr. Hamalak's Rule 12(b)(6) motion, explaining that Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act impose liability on employers but not on co-employees. *See* Williams v. Banning, 72 F.3d 552, 554–555 (7th Cir. 1995) (Title VII and the ADA); Horwitz v. Bd of Educ. of Avoca Sch. Dist. No. 37, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (ADEA).

The court didn't grant the defendants' Rule 12(b)(1) motion. The defendants argued in the motion that the court lacked subject-matter jurisdiction over Mr. Chapman's Indiana Civil Rights Law. An Indiana Civil Rights Law claim usually goes through an administrative process after the Indiana Civil Rights Commission finds probable cause of discrimination. *See* Ind. Code § 22-9-1-6. An Indiana court lacks jurisdiction over an Indiana Civil Rights Law claim if the parties don't consent to trial in writing. *See* id. §§ 22-9-1-16, -17; Fort Wayne Metro. Hum. Rels. Comm'n v. Marathon Gas Station (Nachhatar Stores, Inc.), 926 N.E.2d 1085, 1089–1090 (Ind. Ct. App. 2010). The defendants contended that neither condition was met and argued that both were jurisdictional, so this court lacked subject-matter jurisdiction.

The court explained that a state can't restrict a federal court's subject-matter jurisdiction. *See* Zahn v. N. Am. Power & Gas, LLC, 847 F.3d 875, 876–877 (7th Cir. 2017). Yet a state's jurisdictional limits on its own courts can limit what relief is available to a plaintiff. So a motion to dismiss for lack of subject-matter jurisdiction based on a state court's lack of jurisdiction is properly "recast" as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Id. at 877. The court therefore construed the defendants' Rule 12(b)(1) motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

The defendants relied on evidence for their argument. They cited a notice of transfer from the Indiana Civil Rights Commission to the Equal Employment Opportunity Commission. The notice explained that the Commission lacked

3

jurisdiction over age discrimination claims and it relinquished Ms. Chapman's other claims to the EEOC. The defendants said that the transfer notice showed that the Commission didn't find probable cause of discrimination and that the parties never consented in writing to proceed in court.

The court couldn't consider this evidence to decide the motion because a court can only consider the pleadings on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d). The pleadings include the complaint, the answer, and copies of written instruments attached to the complaint. Fed. R. Civ. P. 7(a)(1), 10(c). To consider evidence beyond the pleadings, a court must convert the Rule 12(b)(6) motion to a Rule 56 motion for summary judgment and give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The defendants' arguments could only be resolved by relying on their evidence, so the court, in the interest of judicial economy, converted the motion to dismiss to a Rule 56 motion for summary judgment. Ms. Chapman and the defendants were given time to file evidence and briefing, which they've done, so the motion for summary judgment is ripe. Ms. Chapman in the meantime moved for leave to amend her complaint, seeking to add a retaliation claim. The defendants oppose Ms. Chapman's motion for leave to amend.

## *Legal Standard*

Federal Rule of Civil Procedure 56 authorizes summary judgment when there's no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A court accepts the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. Nevertheless, the nonmoving party isn't entitled to "[i]nferences that are supported by only speculation or conjecture." Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

A plaintiff can amend her complaint after a responsive pleading is served (like a Rule 12(b) motion), with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 12(a)(2). "The court should freely give leave when justice so requires." Id.

*Discussion*

As the court explained in its earlier order, if the defendants are right that the Commission didn't find probable cause of discrimination and the parties didn't consent to trial in writing, then Ms. Chapman hasn't stated a claim to

5

relief under the Indiana Civil Rights Law and the defendants are entitled to judgment on that claim. *See* Fort Wayne Metro. Hum. Rels. Comm'n v. Marathon Gas Station (Nachhatar Stores, Inc.), 926 N.E.2d 1085, 1089–1090 (Ind. Ct. App. 2010).

Ms. Chapman invokes federal supplemental jurisdiction as reason to hear all her claims. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. § 1367. Supplemental jurisdiction gives federal courts the power to rule on state-law claims that otherwise wouldn't belong in federal court. The defendants originally moved to dismiss for lack of subject-matter jurisdiction, but as the court explained, the issue wasn't whether this court had jurisdiction. The issue was whether a *state* court would have jurisdiction to hear the claims. Whether a state court could hear Ms. Chapman's claim would affect whether Ms. Chapman could get any relief, but it wouldn't affect whether this court had the power to hear her case at all. If the state court would lack jurisdiction, this court could rule on her claim, but would have to rule that Ms. Chapman's claim wasn't viable. Supplemental jurisdiction might answer whether this court can rule on Ms. Chapman's claim at all, but it doesn't answer whether she could be entitled to any relief.

Ms. Chapman argues that the transfer notice doesn't show that the Indiana Civil Rights Commission didn't find probable cause. She cites emails from an Indiana Civil Rights Commission investigator who looked into Ms. Chapman's claims; the transfer notice; and communications from the EEOC about mediation. According to Ms. Chapman, that the Commission investigated

her claims and that the EEOC referred Ms. Chapman and her employer for mediation shows that there was probable cause. She includes her EEOC charge, and EEOC right-to-sue letters, as well, which she says show that there was probable cause.

Ms. Chapman doesn't address whether she and the defendants consented in writing to proceed in court.

The defendants reply with an affidavit from Jacqueline Caza. Ms. Caza works for the employer defendants as a paralegal and worked on Ms. Chapman's case in that capacity. She attests that the Commission didn't find probable cause and instead transferred the complaint to the EEOC. She attests that the defendants never consented to go to trial court.

The undisputed facts show that the Commission didn't find probable cause and that the parties didn't consent in writing to proceed in court, so the defendants are entitled to summary judgment on Ms. Chapman's Indiana Civil Rights Law Claim. Ms. Chapman's evidence that the Indiana Civil Rights Commission and EEOC investigated her claims and that the EEOC referred her and her employer to mediation could suggest that probable cause existed, but they don't show that the Commission found probable cause. That may be a fine distinction, but the Commission's own act of saying that there was probable cause of discrimination is distinct in the Indiana Civil Rights Law's regulatory scheme. And it wouldn't make sense to say that some investigatory steps by the Commission showed that the Commission found probable cause; the Commission needs to know some facts about a case before it can decide if there's

7

probable cause, and the only way to find those facts is by investigating. Equating any investigatory steps with a probable cause finding would make the probable cause finding meaningless because it would exist in every case the Commission started to look at. As for Ms. Chapman's evidence about the EEOC, the EEOC is a separate body from the Indiana Civil Rights Commission, so the EEOC's findings aren't relevant to whether the Indiana Civil Rights Commission found probable cause. Ms. Chapman's evidence doesn't contradict the defendants' evidence that the Commission transferred Ms. Chapman's claims without finding probable clause.

Even if that weren't so, Ms. Chapman's Indiana Civil Rights Law claim must fail because it's undisputed that the parties never consented in writing to litigate in court. Ms. Chapman doesn't present any evidence that both parties consented to go to court. She includes a mediation agreement with the EEOC, but mediation is something litigants do in hopes of staying out of court.

Ms. Chapman is entitled to relief under the Indiana Civil Rights Law only if the Commission found probable cause and the parties consented in writing to proceed in court. There's no genuine issue about either and the defendants are entitled to summary judgment on Ms. Chapman's Indiana Civil Rights Law claim.

Much of Ms. Chapman's brief argued why her Title VII, ADA, and ADEA claims are viable. The court hopes that this order makes clear that this discussion only relates to her Indiana Civil Rights Law claim and doesn't affect her other existing claims.

Next, Ms. Chapman filed a motion for leave to amend her complaint. [Doc. 34]. She seeks to add a retaliation claim, as described in an EEOC charge attached to the motion. The EEOC charge alleges that her employer retaliated against her in violation of Title VII, the ADA, and the ADEA by denying her COBRA insurance benefits. She also attaches an EEOC agreement to mediate that she signed.

The defendants oppose Ms. Chapman's amendment. Counsel for the defendants say they've confirmed that the EEOC hasn't given Ms. Chapman a right-to-sue letter, so any claim based on the retaliation charge is premature. *See* Knapp v. City of Markham, No. 10 C 03450, 2011 U.S. Dist. LEXIS 87985, at *11 (N.D. Ill. Aug. 9, 2011) (dismissing Title VII claim because EEOC had not yet issued right-to-sue letter). They also oppose Ms. Chapman's amendment because it doesn't comply with Local Rule 15-1. A motion to amend a pleading must include a signed proposed amended pleading and a proposed order. S.D. Ind. L.R. 15-1(a). The amendment "must reproduce the entire pleading as amended." S.D. Ind. L.R. 15-1(b). Noncompliance with Local Rule 15-1 is reason to deny a motion to amend. Collier v. Garrad, No. 1:17-cv-02835, 2017 U.S. Dist. LEXIS 201505, at *2 (Dec. 7, 2017).

Ms. Chapman didn't reply within the time afforded. *See* S.D. Ind. L.R. 7-1(c)(3)(B) ("Any reply is due within 7 days after service of the response.").

The court denies Ms. Chapman's motion for leave to amend. Counsel for the defendant represents to the court that Ms. Chapman didn't get a right-to-sue letter and she hasn't disputed this claim. A claim for retaliation is premature

9

until Ms. Chapman gets a right-to-sue letter or shows that she should be exempt from the requirement. *See* Knapp v. City of Markham, 2011 U.S. Dist. LEXIS 87985, at *11. That, along with Ms. Chapman's noncompliance with Local Rule 15-1, show that Ms. Chapman shouldn't be allowed to add her retaliation claim at this time. This isn't a ruling on the merits of Ms. Chapman's claim, so the court denies her motion without prejudice.

For these reasons, the court:

(1) GRANTS the defendants' motion to dismiss Ms. Chapman's Indiana Civil Rights Law claim;

(2) DISMISSES Ms. Wood and Mr. Hamalak as defendants; and

(3) DENIES WITHOUT PREJUDICE Ms. Chapman's motion for leave to amend.

SO ORDERED.

ENTERED:   July 31, 2023

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:

LORI CHAPMAN
123 PONSONBY COURT
INDIANAPOLIS, IN 46214

Michael Carl Mohler
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.mohler@ogletree.com

Theresa Renee Parish
Ogletree Deakins
theresa.parish@ogletree.com